## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**NICHOLAS CORTEZ ADDISON,**                                                **PLAINTIFF**
**ADC # 162451**

**V.**                       **CASE NO. 3:15-CV-196-BSM-BD**

**LARRY MILLS, et al.**                                                                    **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.     Discussion:**

On July 1, 2015, Plaintiff Nicholas Cortez Addison, then an inmate in the Poinsett County Detention Center, filed this action pro se under 42 U.S.C. § 1983, claiming that his constitutional rights were violated while he was housed at the Detention Center. (Docket entry #2)  Mr. Addison also moved to proceed *in forma pauperis* ("IFP").  (#1)

Because of his litigation history, Mr. Addison is not eligible for IFP status in

federal court absent an allegation that he is in imminent danger of serious physical injury.[1] Here, Mr. Addison did not plead facts alleging that he was in imminent danger of serious physical injury, so his motion to proceed IFP was denied. (#3)

The Court allowed Mr. Addison thirty days to pay the $400 filing fee required for this lawsuit. (#3) Mr. Addison was specifically cautioned that his failure to pay the filing fee could result in dismissal of his claims, without prejudice.

To date, Mr. Addison has failed to pay the filing fee, as required in the Court's July 2, 2015 Order. The time for doing so has passed.

**III.  Conclusion:**

Mr. Addison's claims should be DISMISSED, without prejudice, based on his failure to comply with the Court's July 2, 2015 Order requiring him to pay the filing fee.

DATED this 31st day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The following dismissals constitute "strikes" against Mr. Addison for purposes of determining eligibility for IFP status: *Addison v. Martin*, et al., E.D. Ark. Case No. 3:15cv1-JM (dismissed Feb. 2, 2015); *Addison v. Muse*, E.D. Ark. Case No. 3:15cv133-JM (dismissed June 2, 2015); *Addison v. Martin*, 3:15cv96-DPM (dismissed June 12, 2015).